IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Frank Real, Esq.<br>4501 Cedar Lane<br>Drexel Hill, PA  19026<br><br>　　　　Plaintiff,<br><br>v.<br><br>IPR International, LLC<br>161 Washington Street<br>8 Tower Bridge, Suite 800<br>Conshohocken, PA  19428<br><br>and<br><br>Robert Bray, Esq.<br>161 Washington Street<br>8 Tower Bridge<br>Suite 800<br>Conshohocken, PA  19428 | C.A. No. _____<br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### Jurisdiction and Venue

1.　This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA") and the Pennsylvania Human Relations Act, 43 P.S.§ 951 *et seq*. ("PHRA"). This Court has jurisdiction of the subject matter of this action pursuant to 29 U.S.C. § 626(c)(1) and 28 U.S.C. §§  1331 and 1367.

2.　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the defendant resides in this district and the events giving rise to the claims occurred in this district

### Parties

3.　Plaintiff, Frank Real, is a citizen of the Commonwealth of Pennsylvania with an address located at 4501 Cedar Lane, Drexel Hill, PA  19026.

4. Defendant IPR International, LLC ("IPR") is a Pennsylvania corporation with a business address located at 161 Washington Street, 8 Tower Bridge, Suite 800, Conshohocken, PA 19428. Defendant IPR employed Plaintiff from April 2, 2002 until his termination on July 14, 2003 and is an employer as defined by the ADEA and PHRA.

5. Defendant Robert Bray, Esq. was at all relevant times Executive Vice President and General Counsel for IPR. Bray has a business address located at 161 Washington Street, 8 Tower Bridge, Suite 800, Conshohocken, PA 19428.

6. At all time relevant to this Complaint, Bray was an aider and abetter to IPR's discriminatory practices under the PHRA.

## Administrative Proceedings

7. Plaintiffs filed a Complaint of Discrimination against Defendants IPR and Bray with the Pennsylvania Human Relations Commission ("PHRC") on July 30, 2003 which was dual filed with the Equal Employment Opportunity Commission ("EEOC") .

8. This action is being commenced more than 60 days after Plaintiff's charges of unlawful discrimination were filed with the PHRC and dual filed with the EEOC.

## Facts

9. Plaintiff [age 52] began working for IPR on April 2, 2002 as Vice President for Financial Operations.

10. Plaintiff's employment with IPR began when IPR bought a company called DataGuard Group, LLC that was founded and owned by Plaintiff.

11. Plaintiff performed his job duties in a dutiful, competent and satisfactory manner throughout his employment.

12. Soon after IPR acquired DataGuard and Plaintiff therefore began working for IPR, the company began systemically to fire or force the resignation of the older employees of IPR. During the course of Plaintiff's employment with IPR, nearly every employee age 50 or older had their duties reduced or were fired, while employees age 30 or younger were promoted.

13. Plaintiff believes and therefore avers that the most important criteria used for promotion or termination at IPR was a person's age.

14. In or around the Fall of 2002, IPR hired Nick Pournader (approximately age 35) as Chief Marketing Officer.

15. In his role as Chief Marketing Officer, Pournader engaged in systemic discrimination against older workers. In one instance, Pournader stated that investors believed that IPR had "too many old people," and that IPR was "top heavy." Pournader reiterated this statement to the IPR HR Director.

16. In or about July 2002, Real was demoted and replaced by Ellen Purdy ("Purdy") (approximately age 38) notwithstanding the fact that he was more qualified for the position than Purdy.

17. Thereafter, Real was excluded from weekly management meetings and was the only IPR manager so excluded.

18. After Plaintiff was demoted, he was required to work in the sales department and report directly to Pournader. Pournader discriminated against Plaintiff by making the terms and conditions of his employment so difficult that it was impossible for him to succeed. This discrimination took many forms including, but not limited to:

    a.    Not allowing Plaintiff to attend manager meetings,

    b.    Not allowing Plaintiff to attend expos where he could get leads notwithstanding the fact that IPR distributed articles written by Plaintiff at these expos,

    c.    Giving Plaintiff impossible goals to achieve,

    d.    Joking that Plaintiff looked much older than he was.

19. In addition to the above, IPR's CEO, Mike Emmi ("Emmi") wanted pictures of younger people on the IPR website believing that investors wanted to work with younger individuals. Thus, he had the website changed, removing all employees who had grey hair. This included Plaintiff.

20. On or about May 6, 2003, Plaintiff made an internal complaint of age discrimination to Bray and Emmi.

21. Thereafter, Defendant Bray threatened to fire Plaintiff if he continued to document age discrimination, and began scrutinizing Plaintiff's employment record to find reasons to fire him. To further his goals, Bray ordered Purdy to review Plaintiff's expense reports for discrepancies even though she had already approved those reports. Bray also ordered another employee, Pat Halberstadt, to document Real's time in the office. Bray did not ask Purdy or Halberstadt to perform such oversight activities for any other employees.

22. Defendant Bray began this investigation into Plaintiff's employment practices after and as a direct result of Plaintiff's complaints of discrimination.

23. Bray never conducted any investigation into Plaintiff's complaint of discrimination and never sought assistance from the IPR Human Resources department to conduct this investigation.

24. On or about July 14, 2003, Plaintiff was terminated from his employment with IPR.

25. The reasons given to Plaintiff at his termination meeting were false and a pretext for illegal discrimination and retaliation for his complaints of age discrimination.

26. After Plaintiff's termination, Bray and IPR continued to retaliate against him for raising a complaint of age discrimination.  This retaliation included, but was not limited to, threatening to file criminal charges against Plaintiff if he did not drop his retaliation claim, and taking from Plaintiff the "membership interest" in IPR that he was entitled to under the terms of a Membership Interest Purchase Agreement that he signed when he began employment with IPR.

27. As a direct and proximate result of defendants' above-described wrongful conduct, Plaintiff has suffered and continues to suffer physical and emotional pain and suffering, loss of the pleasures of life, loss of feelings of self-worth, loss of career opportunities and lost income and other benefits, all of which constitute damages in excess of $150,000.00.

28. Defendants have acted with a willful and reckless disregard for Plaintiff's federal and state rights.

## COUNT I
## VIOLATION OF ADEA
(Real v. IPR)

29. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs of this Complaint.

30. By its conduct described above, Defendant IPR has discriminated against Plaintiff based upon his age, in violation of the ADEA.

31. By its conduct described above, Defendant IPR retaliated against Plaintiff based upon

complaints of discrimination, in violation of the ADEA

32. Defendant IPR's conduct evidenced a wilful disregard of Plaintiff's federally protected rights entitling him to liquidated damages under the ADEA.

**Wherefore**, Plaintiff prays for the following relief:

   a. Order Defendant IPR to compensate Plaintiff for the full value of compensation and benefits (including rights under the Membership Interest Purchase Agreement) he would have received had he not been the victim of discrimination and/or retaliation, with interest thereon;

   b. Order Defendant IPR to reinstate Plaintiff to his position, or to pay front pay in lieu of reinstatement;

   c. Order Defendant IPR to pay Plaintiff liquidated damages;

   d. Enter a permanent injunction enjoining Defendant IPR from discriminating or retaliating against Plaintiff in any manner;

   e. Order Defendant IPR to pay Plaintiff the costs and expenses of this litigation, including reasonable expert and attorney's fees; and

   f. Grant Plaintiff such further legal and equitable relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF P H R A
**(Real v. IPR and Bray)**

33. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs of this Complaint.

34. Defendants' conduct as described above violates the PHRA prohibitions against age

discrimination and retaliation.

35. Defendant Bray aided, abetted, incited, compelled or coerced the doing of acts that the PHRA has declared discriminatory and/or retaliatory in concert with Defendant IPR in violation of 43 P.S. § 955(e).

**Wherefore**, Plaintiff prays for the following relief:

a. Enter a judgment in favor of Plaintiff and against defendants, jointly and severally, for compensatory damages under the PHRA, in an amount in excess of $150,000.00;

b. Order defendants to compensate Plaintiff for the full value of compensation and benefits (including rights under the Membership Interest Purchase Agreement) he would have received had he not been the victim of discrimination, harassment and retaliation, with interest thereon;

c. Order defendants to reinstate Plaintiff's employment, or to pay front pay in lieu of reinstatement;

d. Enter a permanent injunction enjoining defendants from discriminating against Plaintiff in any manner that violates the PHRA;

e. Order defendants to pay Plaintiff the costs and expenses of this litigation, including reasonable expert and attorney's fees; and

f. Grant Plaintiff such further legal and equitable relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

36. Plaintiff demands a trial by jury on all counts complained of herein on which a jury trial is allowed by law.

Date:  September 26, 2005                             /s/ DBC 4634
                                        Ronald H. Surkin
                                      Dena B. Calo
                                  GALLAGHER, SCHOENFELD, SURKIN
                                      CHUPEIN & DEMIS, PC
                                      25 West Second Street
                                      P.O. Box 900
                                      Media, PA 19063
                                      (610) 565-4600

                                      *Attorneys for plaintiff*